UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN EDWARD FOLAND, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:22-cv-00401 (UNA) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is currently before the court for review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained below, the IFP application will be granted, and this matter will be dismissed without prejudice.

Plaintiff, a resident of Pennsylvania, *see* Compl. at 1, sues the Federal Bureau of Investigations ("Defendant"), alleging that they failed to honor an agreement to pay him $500,000.00, *see id*. at 4.[1] It is unclear who or what created this obligation, or under what authority. Plaintiff merely states that he "was paid $500,000 by the FBI in 1981, which was to be kept in an account" until plaintiff turned 18 years old. He alleges that, instead, "the money was taken out in 1987, one year before" he was due to receive it. *Id*. It appears as if he claims to have worked as an operative of some kind for the FBI, and in exchange, he is purportedly owed this

---

[1] A substantially similar matter filed by plaintiff was also recently transferred to this court from the United States District Court for the Northern District of New York, *see Foland v. FBI*, No. 22-cv-00458 (UNA) (transferred on 2/22/22), therefore, the instant matter is also duplicative.

lump sum. *See id*. at 6; Compl. Exs., ECF No. 1-1, at 7–9. The remainder of the prolix complaint consists of mostly unintelligible and disjointed ruminations, ranging vastly in topics.

Plaintiff also attaches seemingly irrelevant exhibits without any explanation or context, including portions of complaints and other pleadings filed in unrelated matters before other courts. Similarly, neither plaintiff's complaint nor his IFP application are captioned for this court; they are captioned for the United States District Court for the Northern District of Ohio. Consequently, his submissions fail to comply with Federal Rule 10(a)–(b), or D.C. Local Civil Rule 5.1(d)–(e), among others.

*Pro se* litigants must comply with the Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint satisfies this standard.

Additionally, to whatever extent plaintiff may have alleged a breach of contract claim against the FBI, this court cannot exercise jurisdiction over such a claim. The Tucker Act, 28 U.S.C. § 1491, gives the United States Court of Federal Claims jurisdiction to render judgment

upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. This grant of jurisdiction to the Court of Federal Claims is "exclusive," but "only to the extent that Congress has not granted any other court authority to hear the claims that may be decided by the [Court of Federal Claims]." *Bowen v. Massachusetts*, 487 U.S. 879, 910 n.48 (1988). Absent other grounds for jurisdiction, a claim is subject to the Tucker Act's stringent jurisdictional restrictions if, in whole or in part, it explicitly or "in essence" seeks more than $10,000 in monetary relief from the federal government. *See Megapulse, Inc. v. Lewis*, 672 F.2d 959, 967–68 (D.C. Cir. 1982); *Heller, Ehrman, White & MacAuliffe v. Babbitt*, 992 F.2d 360, 363 (D.C. Cir. 1993) (a plaintiff "may not, by creatively framing their complaint, circumvent a congressional grant of exclusive jurisdiction."). Here, plaintiff's complaint seeks in excess of $10,000. Accordingly, this court is want of jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and plaintiff must seek recourse in the Court of Federal Claims.

Put simply, the complaint is vague, confused, disorganized, and fails to provide adequate notice of any claim. Furthermore, plaintiff fails to establish this court's jurisdiction or to present a valid basis for any award of damages. Additionally, it is unclear that either the complaint or the IFP application were even intended for this court. For all of these reasons, the court dismisses the complaint without prejudice. An order consistent with this memorandum opinion is issued separately.

Date: March 31, 2022

_____/s/_____
AMIT P. MEHTA
United States District Judge